**FISHER & FISHER LAW OFFICES, L.L.C.**
By:  Joseph F. Kulesa, Esquire
      Attorney ID# JK5174
3041 Route 940, Suite 107
Mount Pocono, PA 18344
(570) 839-8690
(570) 839-7675 (facsimile)
joseph.kulesa@pocono-lawyers.com
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTOPHER CONDIT, | ELECTRONICALLY FILED |
| Plaintiff | |
| | JURY TRIAL DEMANDED |
| vs. | |
| EDWARD C. GRABENSTETTER, DRIVERS ON CALL, L.L.C., and VALDA RAINEY, | Civil Action No. _____ |
| Defendants. | COMPLAINT, JURY DEMAND, and CERTIFICATION |

Plaintiff Christopher Condit, by and through his undersigned counsel, Fisher & Fisher Law Offices, L.L.C., by way of Complaint, avers as follows:

**PARTIES**

1. Plaintiff Christopher Condit is an adult citizen of the Commonwealth of Pennsylvania who resides at 2398 N. Delaware Drive in Mount Bethel, Northampton County, Pennsylvania.

2. Defendant Edward C. Grabenstetter is an adult citizen of the State of Ohio who resides at 147 Royal Crest Drive in Seville, Medina County, Ohio.

3. Defendant Drivers on Call, L.L.C. (Defendant "Drivers on Call") is a limited liability company with a principle place of business located at 308 North Cleveland-Massillon Road in Akron, Summit County, Ohio.

4. Defendant Valda Rainey is an adult citizen of the State of New Jersey who resides at 932 Hamburg Turnpike in Wayne, Passaic County, New Jersey.

## JURISDICTION AND VENUE

5. Jurisdiction of this Honorable Court is conferred by 28 U.S.C. §1332(a) by virtue of the parties' diversity of citizenship and the amount in controversy exceeding seventy-five thousand dollars ($75,000.00).

6. Venue in this District, pursuant to 28 U.S.C. §1391(a)(2), is proper as a substantial part of the events or omissions giving rise to this cause of action occurred in the District of New Jersey.

## FACTUAL ALLEGATIONS

7. On or about June 3, 2015, Defendant Grabenstetter was the operator of a motor vehicle which was traveling south on New Jersey state highway 94 in Blairstown Township, Warren County, New Jersey.

8. The vehicle that Defendant Grabenstetter was driving was owned by Defendant Rainey.

9. Defendant Grabenstetter was operating said motor vehicle during the course and scope of his employment with Defendant Drivers on Call and/or Defendant Rainey.

10. At the same time and location, Plaintiff was the owner and operator of a motorcycle which was traveling south on New Jersey state highway 94 in Blairstown Township, Warren County, New Jersey.

11. At the same time and location, Defendant Grabenstetter put on his right turn signal and pulled his vehicle over to the southbound shoulder.

12. At the same time and location, after pulling over to the shoulder, Defendant Grabenstetter suddenly and unexpectedly turned into the path of Plaintiff as Defendant attempted to turn around onto the northbound side of New Jersey state highway 94.

13. Plaintiff collided with the driver's side of Defendant Grabenstetter's vehicle, causing Plaintiff to suffer severe and disabling injuries more specifically set forth below.

14. Plaintiff has suffered his injuries as a direct and proximate result of each of the Defendant's conducts, acts, and/or omissions.

15. As a direct and proximate result of the above-described occurrence, Plaintiff suffered severe bodily injuries, including, but not limited to: fractures, neuropathy, right wrist injuries, foot and ankle injuries, neck injuries, auditory deficits, and shock and mental anguish, as a result of which he was rendered sick, sore, and disabled, some of said injuries are permanent in nature

16. As a direct and proximate result of the above-described occurrence, Plaintiff has suffered, and will continue to suffer, loss of sensory function, loss of motor function, limitation of range of motion, and loss of strength.

17. As a direct and proximate result of the above-described occurrence, Plaintiff has suffered and will continue to suffer great physical pain, discomfort, and mental anguish.

18. As a direct and proximate result of the above-described occurrence, Plaintiff has been and will continue to be compelled to expend large sums of money for medication, medical assistance, and other necessary treatments and devices in an effort to restore his health, all of which are to his great financial loss.

19. As a direct and proximate result of the above-described occurrence, Plaintiff has suffered, and will continue to suffer, an inability to pursue and to enjoy the usual activities of life of an individual Plaintiff's age, and has suffered a loss of enjoyment of life, happiness, and loss of the pleasures of life.

## COUNT I
## Christopher Condit vs. Edward C. Grabenstetter
### (Negligence)

20. Paragraphs 1 through 19 are incorporated by reference as if the same were set forth more fully herein at length.

21. The above-described occurrence was directly, proximately, legally, and substantially caused by the negligence and carelessness of Defendant Grabenstetter in that he:

    a. Failed to operate his motor vehicle with due regard for the rights and safety of users of the roadway, such as Plaintiff;

    b. Failed to be properly observant of the condition of the roadway and traffic while operating his motor vehicle;

    c. Failed to be and remain attentive to Plaintiff, who was traveling southbound behind Defendant on New Jersey State Route 94; and

    d. Failed to observe and have due regard to the provisions of the motor vehicle laws of the State of New Jersey.

WHEREFORE, Plaintiff Christopher Condit demands upon Defendant Edward C. Grabenstetter actual, compensatory, and statutory damages; pre and post-judgment interested as allowed by law; and an award of taxable costs, together with such other relief this Honorable Court may deem just and proper.

## COUNT II
### Christopher Condit vs. Drivers on Call, L.L.C.
### (Vicarious Liability)

22. Paragraphs 1 through 21 are incorporated by reference as if the same were set forth more fully herein at length.

23. Defendant Drivers on Call was a principle who employed Defendant Grabenstetter.

24. Defendant Drivers on Call negligently entrusted the subject vehicle to Defendant Grabenstetter.

25. Defendant Grabenstetter was acting as an agent, servant, and/or employee of Defendant Drivers on Call.

26. Defendant Grabenstetter was engaged in furthering the interests, activities, affairs, and/or business of Defendant Drivers on Call.

27. Defendant Grabenstetter acted with the permission and at the direction of Defendant Drivers on Call.

28. As a result of the negligent conduct of Defendant Grabenstetter, and the agency relationship between Defendant Grabenstetter and Defendant Drivers on Call, Defendant Drivers on Call is vicariously liable for the actions of Defendant Grabenstetter.

29. As a result of Defendant Drivers on Call's vicarious liability, Defendant Drivers on Call is liable for the injuries and damages sustained by Plaintiff, caused by the negligent and careless conduct of Defendant Grabenstetter as set forth herein.

WHEREFORE, Plaintiff Christopher Condit demands upon Defendant Drivers on Call, L.L.C., actual, compensatory, and statutory damages; pre and post-judgment interested as allowed by law; and an award of taxable costs, together with such other relief this Honorable Court may deem just and proper.

## COUNT III
### Christopher Condit vs. Valda Rainey
### (Vicarious Liability)

30. Paragraphs 1 through 29 are incorporated by reference as if the same were set forth more fully herein at length.

31. Defendant Valda Rainey was an individual who hired or contracted Defendant Drivers on Call and/or Defendant Grabenstetter.

32. Defendant Valda Rainey negligently entrusted her vehicle to Defendant Drivers on Call and/or Defendant Grabenstetter.

33. Defendant Drivers on Call acted with the permission and at the direction of Defendant Rainey.

34. As a result of the negligent conduct of Defendant Grabenstetter, and the agency relationship between Defendant Drivers on Call, Defendant Grabenstetter, and Defendant Rainey, Defendant Rainey is vicariously liable for the negligent actions of Defendants.

35. As a result of Defendant Rainey's vicarious liability, Defendant Rainey is liable for the injuries and damages sustained by Plaintiff as set forth herein.

WHEREFORE, Plaintiff Christopher Condit demands upon Defendant Valda Rainey actual, compensatory, and statutory damages; pre and post-judgment interested as allowed by law; and an award of taxable costs, together with such other relief this Honorable Court may deem just and proper.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b)(1) and 38(c), Plaintiff hereby demands a trial by jury as to all issues.

### CERTIFICATION

The matter in controversy in the within action is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I, Joseph F. Kulesa, Esquire, certify the foregoing statement made by me is true. I am aware that if the foregoing statement is willfully false, I am subject to punishment.

Respectfully submitted,

**FISHER & FISHER LAW OFFICES, L.L.C.**

Date: June 1, 2017

s/ *JOSEPH F. KULESA, ESQUIRE*
JK5174
3041 Route 940, Suite 107
Mount Pocono, PA 18344
(570) 839-8690
(570) 839-7675 (facsimile)
joseph.kulesa@pocono-lawyers.com
*Attorney for Plaintiff*